STATE v. W. P. LEONARD.

(Filed 26 June, 1935.)

**Criminal Law C d: D b—Involuntary manslaughter is a felony and not a misdemeanor.**

The amendment of C. S., 4201, by ch. 249, Public Laws of 1933, does not make involuntary manslaughter a misdemeanor, and the Superior Court has jurisdiction of a prosecution under the statute although the fatal accident occurred within the territorial jurisdiction of a city court having exclusive original jurisdiction of misdemeanors.

CRIMINAL ACTION, before *Alley, J.,* at October Term, 1934, of GUILFORD.

The defendant was indicted for killing Ralph Jones. The evidence tended to show that the defendant was drinking and that the deceased, Ralph Jones, was a passenger in his car. The defendant drove the car in a reckless manner and upon approaching a curve the car overturned, killing Jones and seriously injuring another passenger. When the case was called for trial in the Superior Court the defendant filed a plea in abatement upon the theory that the municipal court of the city of Greensboro had jurisdiction for the reason that at the preliminary hear-

ing all the evidence tended to show that the defendant was guilty of involuntary manslaughter. The trial judge found as a fact that the evidence offered before the committing magistrate tended to prove "the defendant guilty of involuntary manslaughter, and that the offense charged occurred within one mile of the corporate limits of the city of Greensboro, and that the municipal court of the city of Greensboro has final and exclusive original jurisdiction of all misdemeanors occurring or committed within Guilford County, except at High Point, Deep River, and Jamestown," etc. The court refused to dismiss the indictment. The defendant was convicted of involuntary manslaughter, and from sentence imposed appealed to the Supreme Court.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

*Gold, McAnally & Gold, Silas B. Casey, and Walser & Wright for defendant.*

BROGDEN, J. The question of law presented by the record is whether by virtue of the amendment of C. S., 4201, contained in chapter 249 of the Public Laws of 1933, involuntary manslaughter is a misdemeanor.

The trial judge found that the municipal court of the city of Greensboro had original and exclusive jurisdiction of all misdemeanors committed within Guilford County with certain exceptions not applicable to this case. This Court has heretofore, at this term, held, in *S. v. Dunn, ante,* 333, that chapter 249 of the Public Laws of 1933 does not make involuntary manslaughter a misdemeanor, and this cause is determined by the decision in the *Dunn case, supra.*

No error.